**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DARRISSA BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02972-SHL-tmp |
| | ) | |
| WEN TENNESSEE, LLC, | ) | |
| Defendant. | ) | |

**ORDER REQUIRING ADDITIONAL RESPONSE FROM PLAINTIFF**

Before the Court is the Parties' Joint Motion for Approval of FLSA Settlement, filed June 12, 2026.  (ECF No. 27.)  The only two ways that an FLSA overtime compensation claim may be resolved by agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval.  Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  The Parties have taken the second route, presenting their Proposed Settlement Agreement and Release to this Court for approval.  (ECF No. 27-1.)  A district court must scrutinize a proposed FLSA settlement and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores, 679 F.2d at 1355.

An element of this analysis is whether the settlement's award of attorneys' fees is "reasonable under the circumstances."  Jackson v. Turner Holdings, LLC, No. 220-cv-02018, 2020 WL 8461764, at *1 (W.D. Tenn. Oct. 30, 2020).  The Court, however, is unable to fully conduct this analysis with the information provided in the Motion.

The settlement here awards Plaintiff Darrissa Brown $3,000 in allegedly unpaid overtime compensation and alleged liquidated damages.  (ECF No. 27-1 at PageID 76.)  Meanwhile, Plaintiff's counsel receives $10,000 in attorney's fees, costs, and expenses.  (ECF No. 27 at PageID 72.)  This outsized remuneration for Plaintiff's counsel is not necessarily verboten.  See, e.g., Thompson v. United Stone, LLC, No. 14–CV–224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015).  But in determining whether an award for counsel that more than triples Plaintiff's award is reasonable, the Court needs to consider (1) what percentage of Plaintiff's alleged back pay of overtime wages the $3,000 represents, and (2) the lodestar amount to put the award for attorney's fees in context.  Although Plaintiff's counsel states that the $10,000 award—which represents 77% of the total recovery—is reasonable, "given the complexity, expense, and length of this action" (ECF No. 27 at PageID 73), it offers no data on the two important questions stated above.

Because of this deficiency, and to save the Parties from expending additional effort by setting the Motion for a status conference, Plaintiff is **DIRECTED** to file appropriate documentation, including Plaintiff's alleged lost overtime wages and her counsel's hours worked and hourly rate, on the docket within **fourteen days** of this Order.

**IT IS SO ORDERED,** this 22nd day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE